## BOCSI v PENNSYLVANIA & OHIO COACH LINES CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10690. Decided Sept. 22, 1930

Gillis, Ames & Smith, Cleveland, for Bocsi.

Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for Coach Lines Co.

VICKERY, PJ.

It seems that there were three questions before the court below and they are before this court, to-wit:

First: Was the defendant below guilty of any negligence which proximately caused the accident?

Second: Was the plaintiff as a matter of fact injured to any extent, or did she suffer any damage?

Third: Was the plaintiff guilty of such contributory negligence as would pervent her from recovering?

We think that we can safely eliminate the last question.

Plaintiff was a passenger with her husband who was driving the car, and the only negligence that was charged against the husband was that the automobile which he was driving had only one light. Now there is nothing in the record to show that the plaintiff had knowledge of this or even that the husband had, or how long it had been in that condition, and inasmuch as plaintiff was a passenger, even though the husband was negligent, his negligence could not be imputed to her; and she would have to participate in the negligence or have such knowledge of the absence of the light that she would be guilty of negligence in riding with her husband. Now, I say, there is nothing in this record which indicates any negligence on her part in that respect, so that may be dismissed.

Now as to the question of negligence of the defendant company: It would seem from the record in this case that it was giulty of some negligence which may have proximately caused the damage, if plaintiff suffered any; and if the jury had found for the plaintiff, a reviewing court could not have disturbed the finding because there would be evidence to sustain it, and the verdict would not be manifestly against the weight of the evidence; but the jury having found **generally** as it did, we do not feel called upon to disturb the verdict upon this ground.

The most serious question, and the one probably which determined the jury to find for the defendant, is whether the plaintiff was injured at all. In reviewing the record it is difficult to find from it any evidence of any injury to this woman. She sat in the car; she was not disturbed; she was not struck; there were no marks of violence upon her body or any part of it, and she said at the time of the accident that she was not hurt. The automobile was damaged and broken, but there was nothing in the car which jammed her in any way and she sat there apparently undisturbed. She went into a neighbor's house and stayed there a long time, after which she rode on a bus to Cleveland; went to her sister's house and stayed up visiting for some time; never complained at all; went to bed, and she claims that, while she was riding on the bus from Chagrin Falls to Cleveland, a miscarriage started to take place and that during the night that she was at her sister's house a miscarriage did take place. None of the family knew anything about it. She got up the next morning at eight o'clock and went to see a lawyer and the lawyer immediately called in a physician, or sent her to a physician, and the physician examined her but could find no evidence of trauma, but I think did find some evidence that at some time there had been a disturbance that might have been caused by a miscarriage, and his testimony along that line was largely expert testimony.

Now from the plaintiff's own statements of what she did, the manner in which she went down town after this so-called miscarriage in the middle of the night, and about which none of her relatives in whose house she was staying knew anything, and the fact that she had stated to the witnesses that she was not hurt on the night of the accident; and from the course of her conduct from the time of the collision down to the time of going to the lawyer, it seems almost incredible that she should have received such an injury that would have resulted in a miscarriage.

There were six women on this jury and six men, and the only thing that one can say is that the jury did not believe that she had suffered any injuries and so brought in a verdict for the defendant.

Now it being a general verdict there is nothing to show upon what issue the jury brought in this verdict, and even though there was one or two issues upon which they might have brought in a verdict in plaintiff's favor, yet if there were others upon which they could bring in a verdict for the defendant, we would not be able to tell what issue governed the jury in their verdict.

There is some talk of error in the charge of the court. From an examination of the whole charge as given, the excerpts criticized do not seem to be very serious.

On the whole, as already stated, the only question that is before the court is whether this verdict was so manifestly against the weight of the evidence that a reviewing court would be warranted in disturbing it. We do not think so. The case was tried by one of the ablest Judges who comes to this City to try cases, namely, Judge Clevenger, and he reviewed the evidence on a motion for a new trial and overruled it.

Finding no error in this record that would warrant us in disturbing the verdict, the judgment of the lower court is hereby affirmed.

Levine and Cline, JJ, concur.